(27 App. Div. 69.)

ELIAS et al. v. SCHWEYER.

(Supreme Court, Appellate Division, First Department. March 11, 1898.)

1. ACTIONS—JOINDER OF CAUSES.

A complaint by the cestuis que trustent of corporate stock against the trustee seeking his removal, and an accounting for profits, cannot be assailed for misjoinder of causes of action because it also states facts showing that he should account to the corporation, where the prayer for relief does not ask for an accounting on behalf of the corporation.

**2. SAME.**

> Such complaint is not demurrable for misjoinder of causes of action, though complainants were not entitled to an accounting to themselves for profits.
>
> Van Brunt, P. J., dissenting.

Appeal from special term.

Action by William Elias and others against Edward Schweyer and others to obtain a removal of defendant Schweyer as trustee, and for an accounting. From an interlocutory judgment sustaining a demurrer to the amended complaint, plaintiffs appeal. Reversed.

The demurrer was upon the grounds: (1) That several causes of action have been improperly united; (2) that the amended complaint does not state a cause of action against the defendant Schweyer in so far as it seeks to compel him to account for money withdrawn by him from the Henry Elias Brewing Company for salaries, and for profits earned by him upon the sale of malt to the company; (3) that the complaint does not state a cause of action against the said defendant in so far as the plaintiff seeks to compel him to account to the Henry Elias Brewing Company for salaries received by him, and for profits made by him in the sale of malt to the company; (4) that the complaint does not state a cause of action against the defendant Schweyer; (5) that there is a misjoinder of parties plaintiff, in that none of the plaintiffs other than Catherine Elias, as trustee, are capable of maintaining any of the alleged causes of action set forth in the complaint except that for the removal of the defendant Schweyer as trustee.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Louis Marshall, for appellants.
Robert E. Deyo, for respondent.

O'BRIEN, J. The question presented below and here is as to whether there is one or more than one cause of action alleged in the complaint. If more than one, it is clear that they cannot be united, because they do not "affect all the parties to the action," as required by section 484 of the Code of Civil Procedure. It is insisted by the appellants that but one cause of action is alleged, namely, to obtain the removal of Schweyer as trustee, and to compel him to account for moneys which he has improperly received from the Henry Elias Brewing Company, and which he secured to himself by acting in violation of his duty as trustee. Apart from the allegation of misconduct as trustee, which, it is claimed, would justify his removal, there are others directed to showing that having, as trustee, obtained a position where he could enforce his views upon the brewing company, he, by virtue of the controlling interest which, as trustee, he had in the stock of the company, elected a board of directors to suit himself, and had himself chosen as president, and, while so acting, had resolutions passed giving him a salary, and enabling him to sell malt to the company at profits greatly in excess of the market rates. And for the moneys and profits thus received the plaintiffs seek to make him account as trustee. On the other hand, it is insisted that the construction to be given to the complaint is that, not only is it here sought to obtain the removal of Schweyer as trustee, and compel him to account, but it is also sought to enforce the right of action which the company has to compel him to account to it for the salary and profits which he improperly re-

ceived. The prayer for relief, which in cases of doubt can be resorted to for the purpose of determining the nature of the complaint, asks that the demurring defendant account, not to the brewing company, but to the plaintiff in the action, for what he has received from the company; and the reason for making the brewing company defendant appears by the eighteenth allegation of the complaint, which is as follows:

"Eighteenth. The defendant Schweyer has heretofore insisted in this action, by the answer interposed herein, that the defendant the Henry Elias Brewing Company is a necessary party thereto, and said defendant company has or claims an interest in the property which is the subject-matter of said trust fund, and in the salaries collected and profits made by the defendant Schweyer as herein alleged; and the plaintiffs hereby make the said corporation a defendant herein, to the end that the defendant Schweyer account herein for the aforesaid salaries received and collected by him from the said corporation, and the profits made by him in the sale of malt by him to it; and that they may have the relief herein prayed for."

It thus appears that it was because the defendant Schweyer insisted on the presence of the brewing company that the latter was made a party defendant; and, as the complaint does not ask to enforce any demand as against the defendant the brewing company, there is no basis for claiming that the plaintiffs were here asserting on behalf of the company a cause of action as against the defendant Schweyer. We think that the fair reading of the complaint is consistent with the construction that it was intended to set forth but one cause of action namely, for the removal of the trustee and, as incidental thereto, to compel him to account. In that connection, the acts relating to his having used the stock which was part of the trust fund for the purpose of getting possession of the brewing company, and other acts, were alleged as reasons why he should be removed as trustee; and the demand for his accounting as trustee to the cestuis que trustent follows, for the moneys which, in the shape of profits, he realized from his trust relation contrary to law. The plaintiffs are not seeking to enforce any rights as stockholders in their own behalf or on behalf of other stockholders or of the corporation, but their interest in any accounting is based upon the fact that they are the cestuis que trustent, and entitled to have the trust properly administered for their benefit, and that they can compel a trustee to account for profits which he may have made in the use of the trust property. The extent to which they are entitled to share in such profits may or may not be properly stated, and when the facts appear they may or may not be entitled to any portion of the items which are set forth as having been received by the trustee as salary or from the sale of malt. But, even if it could be concluded that they were in error as to the extent to which they could compel him to account as trustee, or as to the share which they should receive upon such accounting, this would not render the complaint open to the objection by demurrer that there was an improper joinder of causes of action. We regard it as settled law that in an action for the removal of a trustee for misconduct the plaintiff, as incidental thereto, can demand an accounting; and that was all that was here done.

There are items for which the plaintiffs demand an accounting, which may or may not be allowed, or may be proper only in an action by the company. Even though this latter were the case, it would show that the plaintiffs, in their cause of action, asked for too much relief, and not that they sought to maintain one cause of action as cestuis que trustent and another on behalf of the company. Our conclusion is that, reading the complaint as a whole, it was intended to state, and states, a single cause of action, in which the removal of the defendant Schweyer as trustee, and, as incidental thereto, an accounting, are sought.

The judgment sustaining the demurrer should therefore be reversed, with costs, but with leave to the defendant to withdraw demurrer, and answer upon payment of costs.

·PATTERSON, INGRAHAM, and McLAUGHLIN, JJ., concur.

VAN BRUNT, P. J. I dissent upon the ground that there is a misjoinder of causes of action.

